Eastern District of Kentucky
FILED
OCT 25 2013
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| WESLEY S. ANGLIN, | ) |
| Plaintiff, | ) Civil Action No. 13-CV-17-GFVT |
| V. | ) |
| KENTUCKY JUDICIAL BRANCH, | ) MEMORANDUM OPINION AND ORDER |
| Defendant. | ) |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Wesley S. Anglin is an inmate confined in the Eastern Kentucky Correctional Complex located in West Liberty, Kentucky. Proceeding without counsel, Anglin has filed a "Petition for Declaration of Rights" [R. 1] which the Court has previously re-characterized as a 42 U.S.C. § 1983 civil rights complaint. [R. 2, at p. 2, ¶ 3] By separate Order, the Court has granted Anglin's motion to proceed *in forma pauperis*.

The Court must conduct a preliminary review of Anglin's complaint because he has been granted pauper status and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

The Court evaluates Anglin's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Anglin's factual

allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court must dismiss it with prejudice because Anglin had failed to state a claim upon which relief can be granted.

## I.

Anglin alleges that "as a sovereign citizen of the United States of America" he has experienced "violations on constitutional magnitude." [R. 1, p. 1] Anglin failed, however, to explain in his complaint *how* his legal rights were violated, *when* they were violated, or *by whom* they were violated. Anglin devotes his 12-page complaint to discussing the Federalist Papers, the importance of an independent judiciary, and various legal treatises written by Alexander Hamilton. Anglin seeks no specific relief in his complaint, and states that "... this petition is indeed filed on behalf of the United States Constitution by Mr. Anglin. He represents the interests of this sovereign contract...." [*Id.*, p. 11][1]

District courts conducting an initial screening under § 1915(e) must apply the motion to dismiss standard. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying the standard of review used under Federal Rule of Civil Procedure 12(b)(6) to initial screening reviews conducted under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Federal courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light

---

[1] Anglin further states in his filing that "[t]his petition is not on behalf of Mr. Anglin as an unlawfully detained collateral effect; it is in regards to the protections of the United States Citizens as well as the sovereignty of the United States Constitution and its created Constitutional democracy." [*Id.*, p. 9]

2

most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir.2008). For a case to survive a screening under § 1915, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) As the Supreme Court has explained, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555) *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007).

Here, Anglin alleges in vague and conclusory fashion that his constitutional rights were violated, but he provided no factual support whatsoever for his assertion. Anglin also alleges that he filed this action not on his own behalf, but on behalf the United States Constitution and/or all other citizens of the United States. Anglin, however, has legal standing to assert only his *own* constitutional rights, not the rights of others. *Whitmore v. Arkansas*, 495 U.S. 149 (1990); *Christian v. City of Kingsport*, No. 2:06-CV-229, 2006 WL 3421855, at *2 (E.D. Tenn. Nov. 28, 2006). Unless a plaintiff alleges that he was personally harmed or injured, and that the harm or injury was fairly traceable to the defendant's alleged unconstitutional conduct, he does not satisfy the Article III standing requirements. *Allen v. Wright*, 468 U.S. 737, 751 (1984). And as noted, Anglin fails to explain in his complaint *whether* was harmed or injured, and if so, *how* he was harmed or injured and by whom.

Accordingly, the Court concludes that Anglin's complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and will therefore dismiss it for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## II.

The Court further notes that in 2011, Anglin filed what appears to be a similar civil action in the United States District Court for the Western District of Kentucky. *See Anglin v. Kentucky's Governmental Branches/Artificial Citizens*, No. 3:11-CV-406-JHM (W.D. Ky. 2011). In that action, Anglin filed a "Petition for Declaration of Rights and Writ of Habeas Corpus" seeking relief from his state court criminal conviction pursuant to 28 U.S.C. §§ 2201, 1331, and 2241. [R. 1, therein] Anglin alleged that an unfair and unconstitutional trial took place in Breckinridge Circuit Court (No. 09-CR-00057) "due to it being governed by KRS 532.055, which has been held as a violation of the Constitutional's Separation of Powers Doctrine." [*Id.*]

On November 29, 2011, Judge Joseph H. McKinley construed Anglin's submission as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, denied the petition for failure to exhaust, denied a certificate of appealability, and dismissed the action. [*Id.*, R. 10 and 11, therein] On January 24, 2012, Judge McKinley denied Anglin's motion seeking reconsideration of the dismissal of his construed habeas petition. [R. 15, therein]

Although the complaint which Anglin filed in this case is woefully inadequate to pass muster under § 1915 (e)(2), Anglin may be attempting to again challenge the legality of his

4

Breckinridge Circuit Court criminal conviction in this case. If that is in fact Anglin's intention, he must first exhaust his claims in the state courts of Kentucky. As Judge McKinley explained in detail in his January 24, 2012, Order, Anglin had, as of that date, failed to properly exhaust his habeas claims in state court. *See id.*, pp. 2-3 ("It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)").

Anglin does not allege in this action that he has exhausted his construed habeas claims in state court. If he has exhausted his purported habeas claims in state court, he must file a § 2254 habeas petition in the United States District Court for the Western District of Kentucky, not in this district.

### III

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Wesley S. Anglin's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court shall enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This October 25, 2013.

